UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE MOORE, | No. 2:16-cv-00875-KJN |
| Plaintiff, | |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff Robert Lee Moore seeks judicial review of a final decision by the Commissioner of Social Security ("Commissioner") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI, respectively, of the Social Security Act ("Act").[1] In his motion for summary judgment, plaintiff principally argues that the Commissioner's determination that he is not disabled is not supported by substantial evidence. (ECF No. 13.) The Commissioner opposed plaintiff's motion and filed a cross-motion for summary judgment. (ECF No. 19.)

After carefully considering the record and the parties' briefing, the court DENIES plaintiff's motion for summary judgment, GRANTS the Commissioner's cross-motion for

---

[1] This action was referred to the undersigned pursuant to Local Rule 302(c)(15).

1

summary judgment, and AFFIRMS the Commissioner's final decision.

I.  BACKGROUND

Plaintiff was born on January 18, 1964. (Administrative Transcript ("AT") 261.)[2] He received a GED, a certification in electronics maintenance, as well as training in welding and auto mechanics. (AT 60–61.) In June of 2011, plaintiff applied for both DIB and SSI. (AT 261, 265.) In each application, plaintiff alleged that his disability onset date was August 24, 2007. (Id.) Plaintiff claimed disability due to fused vertebra, bulging and herniated discs, severe elbow pain, arthritis, left knee pain, dizzy spells, and right shoulder pain. (AT 102.) After plaintiff's applications were denied initially and on reconsideration, an ALJ conducted a hearing on May 14, 2013. (AT 45–49.) Plaintiff was not represented, and the hearing was continued to give plaintiff an opportunity to retain counsel. (AT 47.) A second hearing was conducted by an ALJ on May 1, 2014. (AT 50–97.) Again plaintiff was not represented, but no further continuance was sought or granted. (AT 54.) The ALJ subsequently issued a decision dated May 30, 2014, determining that plaintiff had not been under a disability as defined in the Act, from August 24, 2007, through the date of the ALJ's decision. (AT 38.)

On June 24, 2014, plaintiff retained non-attorney representative, Shirley Hull and requested that the Appeals Council ("AC") review the ALJ's decision. (AT 20–24.) Ms. Hull also requested a duplicate recording of plaintiff's May 1, 2014 hearing. (AT 21.) In a July 23, 2014 letter, the AC instructed Ms. Hull that she would not be provided copies of "the exhibits and/or digital recording" she requested because she had access to these documents through the Social Security Administration's Appointed Representative Services website. (AT 13.) Additionally, the AC informed Ms. Hull that she had 25 days to submit legal arguments and additional evidence regarding plaintiff's case. (Id.) There is nothing in the administrative record to indicate that either Ms. Hull or plaintiff submitted any legal arguments or additional evidence to the AC.

---

[2] Because the parties are familiar with the factual background of this case, including plaintiff's medical history, the court does not exhaustively relate those facts in this order. The facts related to plaintiff's impairments and treatment will be addressed insofar as they are relevant to the issues presented by the parties' respective motions.

2

By letter, on February 4, 2016, the AC notified plaintiff and Ms. Hull that it had granted plaintiff's request for review. (AT 244.) At the same time, the AC explained that it planned to issue a decision finding plaintiff not disabled, but advised that he had 30 days to provide new and material evidence and statements related to his case. (AT 245–46.) Plaintiff did not submit any additional evidence or statements. (AT 4.) Rather, on February 16, 2016, Ms. Hull wrote to the AC requesting access to plaintiff's entire file. (AT 12.) Ms. Hull also maintained that, after receipt of plaintiff's file, she would raise arguments and submit other evidence that "may or may not be available in support of disability." (Id.)

The AC issued a decision on March 21, 2016 that became the final decision of the Commissioner. (AT 4–8.) First, the AC noted that it would proceed with its actions in the matter, notwithstanding Ms. Hull's latest request, because "the record reflects that [she] has electronic access to [plaintiff's] claims record" and the AC had informed her of this on July 23, 2014. (AT 4.) Next, while not fully adopting the ALJ's findings and conclusions, the AC reached the same ultimate determination that plaintiff had not been under a disability as defined in the Act, from August 24, 2007, through May 30, 2014, the date of the ALJ's decision. (AT 4–5.) Plaintiff subsequently filed this action on April 27, 2016, to obtain judicial review of the Commissioner's final decision. (ECF No. 1.)

II. ISSUES PRESENTED

On appeal, plaintiff raises the following issues: (1) whether the ALJ fully developed the record; (2) whether the ALJ properly discredited plaintiff's testimony; (3) whether the Commissioner's step five determination is supported by substantial evidence; and (4) whether the ALJ erred in classifying plaintiff's past relevant work under step four.[3]

III. LEGAL STANDARD

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial

---

[3] Plaintiff's opening brief raises the issues in a somewhat different order.

evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citation omitted). "If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner." (Id.)

IV. DISCUSSION

    A. Summary of the AC's Findings

Both the ALJ and the AC evaluated plaintiff's entitlement to DIB and SSI pursuant to the Commissioner's standard five-step analytical framework.[4] The AC adopted significant portions

---

[4] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program. 42 U.S.C. §§ 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. §§ 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

    Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

    Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.

    Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.

    Step four: Is the claimant capable of performing her past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

    Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

4

of the ALJ's findings. (AT 4–8.) As a preliminary matter, the AC adopted the ALJ's determination that plaintiff met "the insured status requirements of the Social Security Act through June 30, 2011." (AT 7.) At step one, the AC agreed with the ALJ that plaintiff "has not engaged in substantial gainful activity since August 24, 2007, the alleged onset date." (Id.) At steps two and three, the AC adopted the ALJ's findings that plaintiff has the "severe impairments: cervical degenerative disc disease status post fusion; lumbar degenerative disc disease; and obesity . . . , but does not have an impairment or combination of impairments which is listed in, or which is medically equal to an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1." (Id.)

Before proceeding to step four, the AC also agreed that plaintiff's "subjective complaints are not fully credible." (Id.) Furthermore, the AC adopted the ALJ's RFC determination that plaintiff can

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except due to his spinal impairment and obesity, he can occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl. He is not able to climb ladders, ropes, or scaffolds.

(Id.)

At step four, the ALJ had initially found that plaintiff "is capable of performing past relevant work as a [c]opier [t]echnician. . . ." (AT 37.) On review, however, the AC determined that plaintiff's job as a copier technician was not performed within the fifteen year period, prior to the ALJ's decision, which is required for a job to qualify as past relevant work for a SSI claim. (AT 5 (citing Social Security Ruling 82-62).). Therefore, the AC found that the ALJ's step four determination was incorrect as it relates to plaintiff's SSI claim. (AT 5.) Additionally, the AC determined that since plaintiff's "date last insured, he has been unable to perform any of his past relevant work." (AT 7.)

Due to the errors the AC found in the ALJ's step four analysis, the AC was required to

---

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

5

make new step five findings. The AC made two alternative step five determinations, each of which supports a finding of not disabled. (AT 8.) First, the AC determined that,

> [s]ince the date last insured, considering [plaintiff]'s age, education, work experience, and [RFC], the [plaintiff] was capable of making successful vocational adjustment to other work that exists in significant numbers in the national economy such as battery tester, route delivery clerk, and distribution clerk. Thus a finding of "not disabled" is therefore appropriate under the framework of Medical-Vocational Rules 202.21 and 202.15, Table No. 2 of 20 CFR Part 404, Subpart P, Appendix 2.

(Id.) Alternatively, the AC found that,

> considering the [plaintiff]'s age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that the [plaintiff] could have performed based on a finding of "not disabled" under the framework of Medical-Vocational Rules 202.20 and 202.13 (20 CFR 416.969(a) and 20 CFR Part 404, Subpart P, Appendix 2). Further, the additional limitations of the . . .[RFC] do not have a significant impact on his occupational base for unskilled light work (Social Security Ruling 85-15).

(Id.) Hence, the AC concluded that plaintiff had not been under a disability as defined in the Act, from August 24, 2007, through May 30, 2014. (AT 8.)

B.  Plaintiff's Substantive Challenges to the Commissioner's Determinations

1.  *Whether the ALJ fully developed the record*

Plaintiff contends that the ALJ failed to adequately develop the record—more specifically, that the ALJ "failed to ensure that all of Mr. Moore's medical records were obtained." (ECF No. 13 at 14.) This argument is devoid of merit.

It is well established that a claimant bears the burden of providing medical and other evidence that support the existence of a medically determinable impairment. Bowen v. Yuckert, 482 U.S. 137, 146 (1987); Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1998) ("At all times, the burden is on the claimant to establish her entitlement to disability insurance benefits."). Indeed, it is "not unreasonable to require the claimant, who is in a better position to provide information about his own medical condition, to do so." Yuckert, 482 U.S. at 146 n.5.

Nevertheless, as the Ninth Circuit Court of Appeals has also explained, in a social security case, "[t]he ALJ always has a 'special duty to fully and fairly develop the record and to assure

that the claimant's interests are considered . . . even when the claimant is represented by counsel.'" Celaya v. Halter, 332 F.3d 1177, 1183 (9th Cir. 2003) (citing Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983)). And, "[w]hen the claimant is unrepresented . . . the ALJ must be especially diligent in exploring for all the relevant facts." Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001). "The ALJ may discharge this duty in several ways, including: subpoenaing the claimant's physicians, submitting questions to the claimant's physicians, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record." Id. However, as some courts have persuasively observed, the ALJ "does not have to exhaust every possible line of inquiry in an attempt to pursue every potential line of questioning. The standard is one of reasonable good judgment." Hawkins v. Chater, 113 F.3d 1162, 1168 (10th Cir. 1997) (citation omitted).

Here, plaintiff's first hearing before an ALJ on May 14, 2013, was continued because plaintiff was unrepresented. (AT 46–47.) Nearly a year later, on May 1, 2014, plaintiff had a full hearing before an ALJ, which served as the basis of both the ALJ's and the AC's decisions. (AT 50–97.) At the second hearing, plaintiff was again unrepresented. (AT 54.) He acknowledged that he had previously been informed that he would not be entitled to another continuance, even if unrepresented at the second hearing. (Id.) During this second hearing, the ALJ asked plaintiff if there were any other medical records or evidence that she needed to review. (AT 55–56.) Plaintiff made sure that the ALJ had received a particular document from Dr. Fuentes that he had recently provided, and when the ALJ confirmed receipt, plaintiff indicated that there was nothing further to add to the record. (Id.) At the end of the hearing, the ALJ gave plaintiff another opportunity to raise any outstanding issues. (See AT 96 ("[I]f there's nothing further than that, we'll conclude our hearing, all right?").) Plaintiff raised none. (See Id. ("Okay."))

The ALJ acted with reasonable good judgment, continuing the initial hearing and affording plaintiff multiple opportunities to supply additional medical records. The ALJ had no reason to believe that plaintiff's file was incomplete, as plaintiff testified that he had nothing further to add. Therefore, the ALJ discharged her duty to fairly develop the record. See Celaya, 332 F.3d at 1183; Hawkins, 113 F.3d at 1168.

7

Moreover, even if the ALJ committed error, it was harmless. See Curry v. Sullivan, 925 F.2d 1127, 1129 (9th Cir.1990) (harmless error analysis applicable in judicial review of social security cases); Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) ("we may not reverse an ALJ's decision on account of an error that is harmless"). After plaintiff requested review of the ALJ's decision, on July 23, 2014, the AC instructed plaintiff's non-attorney representative that she had 25 days to submit legal arguments and additional evidence regarding the case. (AT 13.) Then, on February 4, 2016, the AC advised that plaintiff had 30 days to provide new and material evidence and statements related to his case. (AT 245–46.) At no point did plaintiff submit additional evidence. Therefore, even if the ALJ failed to fully develop the record, such error was harmless because the AC's reasoned decision (i.e. the Commissioner's final decision) was issued after plaintiff was afforded ample opportunity to supplement the record, up until nearly two years after the ALJ's initial decision.

2. *Whether the ALJ improperly discounted plaintiff's credibility*

Plaintiff argues that the ALJ "discredited Mr. Moore's testimony without clear and convincing reasons." (ECF No. 13 at 11.) Yet, plaintiff fails to argue this issue with any specificity, beyond his conclusory assertion. Preliminarily, the court need not address issues that are not fully briefed. See Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (declining to address one of the ALJ's findings because plaintiff "failed to argue this issue with any specificity in his briefing"). In any event, plaintiff's argument is unavailing because the ALJ provided several specific, clear, and convincing reasons for discounting plaintiff's credibility.[5]

Where there is objective medical evidence of a claimant's "underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged . . . and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so." Lingenfelter v.

---

[5] The AC specifically adopted the ALJ's findings regarding the credibility of plaintiff's subjective complaints, incorporating that portion of the ALJ's decision into the AC's decision. (See AT 5.) Thus, the ALJ's finding on this issue are part of the Commissioner's final decision.

Astrue, 504 F.3d 1028, 1036 (9th Cir. 2007). "At the same time, the ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking. . . ." Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012).

"The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints." Valentine v. Comm'r of Soc. Sec. Admin., 574 F.3d 685, 693 (9th Cir. 2009) (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)). In weighing a claimant's credibility, an ALJ may consider, among other things, the "'[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains.'" Thomas v. Barnhart, 278 F.3d 947, 958–59 (9th Cir. 2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997)). If the ALJ's credibility finding is supported by substantial evidence in the record, the court "may not engage in second-guessing." Id. at 959.

The ALJ found that plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [plainitff]'s statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." (AT 35.)

i. Objective Medical Evidence

"[A]fter a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005) (citing Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991)). Nevertheless, a lack of medical evidence is a relevant factor for the ALJ to consider. Burch, 400 F.3d at 681.

Here, the ALJ determined that plaintiff's objective medical evidence did not support the severity of his allegations. (AT 35.) First, the ALJ noted that plaintiff traced his alleged disability to a 2007 work-related injury he suffered while driving a truck in Alaska. (Id.) However, as the ALJ pointed out, on February 26, 2008, orthopedic surgeon consultant "Dr. [Donald] Schroeder noted that the fusion surgery was necessary due to preexisting degeneration

... [and he] found that no further treatment was needed relative to the work injury." (Id.) This conclusion is supported by substantial evidence because Dr. Schroeder's opinion included detailed findings based upon his review of imagining studies and his physical examinations of plaintiff. (See AT 604–16.) Furthermore, Dr. Schroeder opined that plaintiff "should be able to return to full work as a truck driver by April 1, 2008." (AT 615.) In fact, on March 20, 2008, plaintiff was returned to light duty and sent to physical therapy by his neurologist, Timothy Cohen, MD (AT 251.) Then, in May 2008, plaintiff returned to work as a self-employed dump truck driver. (AT 251.) The ALJ reasonably determined that this objective evidence undermines plaintiff's allegations that he cannot work "because he needs to lie down to manage back pain after the fusion surgery." (AT 35.)

                    ii.        Daily Activities

Moreover, substantial evidence supports the ALJ's conclusion that plaintiff's daily activities are inconsistent with his allegations of disabling symptoms and limitations. (Id.)

"While a claimant need not vegetate in a dark room in order to be eligible for benefits, the ALJ may discredit a claimant's testimony when the claimant reports participation in everyday activities indicating capacities that are transferable to a work setting. . . . Even where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment." Molina, 674 F.3d at 1112-13 (citations and quotation marks omitted); see also Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005) (ALJ properly considered claimant's ability to care for her own needs, cook, clean, shop, interact with her nephew and boyfriend, and manage her finances and those of her nephew in the credibility analysis); Morgan v. Comm'r of Soc. Sec., 169 F.3d 595, 600 (9th Cir. 1999) (ALJ's determination regarding claimant's ability to "fix meals, do laundry, work in the yard, and occasionally care for his friend's child" was a specific finding sufficient to discredit the claimant's credibility).

Here, the ALJ found that plaintiff was "not wholly credible when discussing and exhibiting his physical limitations" because the record shows "he was actively driving his truck or riding his motorcycle." (AT 35.) Substantial evidence supports this conclusion. Plaintiff

indicated that in 2008 he could ride his motorcycle for half a day, even though he claimed disability beginning in 2007. (AT 80.) Also, in May of 2008, plaintiff was self-employed as a dump truck driver. (AT 251.) Then, on June 27, 2011, plaintiff reported that he was driving his truck or riding his motorcycle daily to do errands. (AT 329.) Plaintiff also admitted that he was able to work on cars until 2013, albeit less than he had prior to the 2007 accident. (AT 85.) Moreover, plaintiff testified that he drove himself to the hearing in 2014 (AT 59); can usually drive himself to the doctor and to get groceries (AT 59–60); can cook for himself (AT 84); can shower and dress himself (AT 81); and can walk to the 7-Eleven, two blocks away from his house. (AT 82).

To be sure, the record also contains some contrary evidence—the information that plaintiff needs the aid of a walking stick; is unable to stand without changing positions; and needs to constantly shift positions while seated—suggesting that plaintiff's activities are more limited. (AT 81–83.) However, it is the function of the ALJ to resolve any ambiguities, and the court finds the ALJ's assessment to be reasonable and supported by substantial evidence. See Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) (affirming ALJ's credibility determination even where the claimant's testimony was somewhat equivocal about how regularly she was able to keep up with all of the activities and noting that the ALJ's interpretation "may not be the only reasonable one"). As the Ninth Circuit explained:

> It may well be that a different judge, evaluating the same evidence, would have found [the claimant's] allegations of disabling pain credible. But, as we reiterate in nearly every case where we are called upon to review a denial of benefits, we are not triers of fact. Credibility determinations are the province of the ALJ...Where, as here, the ALJ has made specific findings justifying a decision to disbelieve an allegation of excess pain, and those findings are supported by substantial evidence in the record, our role is not to second-guess that decision.

Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989).

////

Therefore, there are no grounds to overturn the ALJ's credibility findings because the ALJ provided several specific, clear, and convincing reasons, supported by substantial evidence. See Thomas, 278 F.3d at 958–59.

3. *Whether the Commissioner's Step 5 determination is supported by substantial evidence*

Plaintiff argues that the AC's step five determination is erroneous because it is based on the RFC determination, which is not supported by substantial evidence because: (i) the ALJ failed to fully develop the April 28, 2014 medical opinion of Julian Fuentes, MD; and (ii) the ALJ failed to incorporate the limitation that plaintiff "avoid hazardous machinery."[6] (ECF No. 13 at 13.)

i. Dr. Fuentes's medical opinion

The only documentation in the record from Dr. Fuentes is a medical source statement dated April 28, 2014. (AT 983.) The ALJ gave Dr. Fuentes' opinion in this statement minimal evidentiary weight. (AT 37.)

As explained above, there is no merit to the argument that the ALJ erred by not obtaining additional medical records from Dr. Fuentes. Specifically, once plaintiff learned that the ALJ had received a copy of this report into the record, plaintiff indicated that he did not have any further evidence to add to the record. (See AT 55–56.) Based upon plaintiff's conduct at the hearing, the ALJ had no reason to subpoena additional records from Dr. Fuentes or any other provider. What is more, plaintiff did not attempt to provide the AC with any additional records in support of Dr. Fuentes' opinion. Moreover, the ALJ's analysis of this opinion was sufficiently thorough and supported by the record.

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. Holohan v. Massanari, 246 F.3d 1195, 1201-02 (9th Cir. 2001); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). Generally speaking,

---

[6] The AC specifically adopted the ALJ's findings regarding plaintiff's RFC, which included the ALJ's analysis of the medical records and opinions. Therefore, the ALJ's evaluation of Dr. Fuentes' opinion and her analysis of the "avoid hazardous machinery" limitation are both incorporated into the Commissioner's final decision. (See AT 5.)

a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion carries more weight than a non-examining physician's opinion. Holohan, 246 F.3d at 1202.

To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record; and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. Lester, 81 F.3d at 830–31. However, in any event, the ALJ need not give a treating physician's opinion any weight if it is conclusory and supported by minimal clinical findings. Meanel v. Apfel, 172 F.3d 1111, 1114 (9th Cir. 1999) (treating physician's conclusory, minimally supported opinion rejected).

Dr. Fuentes' medical source statement is a one page check-box assessment, indicating that plaintiff has less than sedentary limitations. (AT 983.) Plaintiff alleges that this severe limitation stems from a June 28, 2013 motorcycle accident, which has caused increased back pain. (AT 78.) However, beyond Dr. Fuentes' one page report, plaintiff has not provided any other objective evidence to support this worsening condition. As the ALJ pointed out, "there are no supporting objective findings, imagining, nor any rational given for Dr. Fuentes' extreme assessment. Furthermore, there are no records of treatment supporting Dr. Fuentes' opinion." (AT 37.) In sum, Dr. Fuentes' opinion is nothing more than a list of conclusory check-box findings. (AT 983.) Therefore, the court finds that the ALJ appropriately discounting this opinion because it is conclusory and unsupported by objective evidence. Meanel, 172 F.3d at 1114.

        ii.        "Avoid hazardous machinery" limitation

Plaintiff argues that the ALJ erred when crafting plaintiff's RFC because she included all of the limitations listed by Harold Ramsey, MD, except for the "limitation to avoid hazardous machinery due to pain[,] without comment." (ECF No. 13 at 13.) This argument is unavailing.

First, an RFC "is the most [one] can still do despite [his or her] limitations" and it is "based on all the relevant evidence in [one's] case record," rather than a single medical opinion or piece of evidence. 20 C.F.R. § 404.1545(a)(1). Second, "[i]t is clear that it is the responsibility

13

of the ALJ, not the claimant's physician, to determine residual functional capacity." Vertigan v. Halter, 260 F.3d 1044, 1049 (9th Cir. 2001) (citing 20 C.F.R. § 404.1545). ALJ's are not required to adopt all of a single physician's findings when making an RFC determination.

Here, Dr. Ramsey was the only physician who opined that plaintiff should avoid working with hazardous machinery. George Spellman, MD, on the other hand, indicated that Dr. Ramsey's opinion was overly restrictive. (AT 945.) Dr. Spellman did not include any environmental limitations for plaintiff because he determined that plaintiff's subjective complaints were not credible. (Id.) Dr. Spellman discounted plaintiff's subjective complaints of numb hands "in light of the evidence showing [plaintiff's] grips were adequate enough to grip motorcycle handle bars after applying for disability and appeal." (Id.) He also discounted plaintiff's complaints of dizziness for the same reasons. (Id.) In making his findings, Dr. Spellman also relied on objective evidence from Dr. John Simmonds' September 10, 2011 Internal Medicine Evaluation, which yielded normal findings, and plaintiff's neurological examinations, which were "benign." (AT 838–42, 945.)

While the ALJ did not explicitly address Dr. Rasmey's "hazardous machinery" limitation, she implicitly discounted it because she accorded substantial weight to Dr. Spellman's findings regarding plaintiff's credibility. (See AT 37.) Therefore, the ALJ did not err in leaving out the "avoid hazardous machinery" limitation because she determined plaintiff's RFC based upon the record as a whole, rather than on the opinion of a single physician.

    4.    *Whether the ALJ erred in classifying plaintiff's past relevant work under step four*

Plaintiff argues that the ALJ erred by classifying plaintiff's previous job as a copier technician as past relevant work. (ECF No. 13 at 11.) This argument is moot regarding plaintiff's SSI claim because the AC explicitly disagreed with and rejected the ALJ's step four determination of past relevant work as it relates to the SSI claim. (AT 5–7.) Moreover, even assuming, without deciding, that the ALJ's step four analysis is also flawed regarding plaintiff's DIB claim, his argument still fails because the AC made detailed step five findings that cure any potential error at step four.

14

| | |
|---|---|
| 1 | At step five, the AC found that, in light of plaintiff's RFC, education, age, and work |
| 2 | experience, he "was capable of making successful vocational adjustment" to other jobs "such as |
| 3 | battery tester, route delivery clerk, and distribution clerk." (AT 8.) In the alternative, the AC |
| 4 | found that "there are jobs that exist in significant numbers in the national economy that the |
| 5 | claimant could have performed based on a finding of 'not disabled.'" (Id.) Each of these |
| 6 | conclusions is based upon the testimony of the Vocational Expert given during plaintiff's May 1, |
| 7 | 2014 hearing, which in turn is based upon plaintiff's RFC (see AT 92–94), which as explained |
| 8 | above is based upon substantial evidence. Relying on these step five determinations, the AC |
| 9 | found that plaintiff is not disabled. (AT 8.) Therefore, any alleged error at step four is harmless |
| 10 | because the AC's final decision is supported by substantial evidence. |

V. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 13) is DENIED.
2. The Commissioner's cross-motion for summary judgment (ECF No. 19) is GRANTED.
3. The final decision of the Commissioner is AFFIRMED, and judgment is entered for the Commissioner.
4. The Clerk of Court be ordered to close this case.

IT IS SO ORDERED.

Dated: August 11, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE